IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GILL MCMORRIS                                                                    PLAINTIFF

vs.                                      Civil No. 4:17-cv-04020

NANCY A. BERRYHILL                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Gill McMorris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on April 17, 2008. (Tr. 13). In these

applications, Plaintiff alleges being disabled due to "disc problems in neck, lower back pain, heart

problems, arthritis, diabetes, nerve damage in both legs." (Tr. 292). Plaintiff alleges an onset date

of July 1, 2008. (Tr. 13). His applications were denied initially and again upon reconsideration. (Tr.

105-108).

Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 53-104). In fact, Plaintiff had three administrative hearings. Plaintiff's first administrative hearing was held on June 26, 2009. (Tr. 33-52). Plaintiff's second administrative hearing was held on December 7, 2011. (Tr. 53-104). After this second administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 10-26). Plaintiff then appealed this unfavorable decision to this Court, and Plaintiff's case was reversed and remanded for further consideration of Plaintiff's impairments at Step Two of the Analysis. (Tr. 960-967).

After this remand, the ALJ held a third administrative hearing. (Tr. 894-925). Subsequent to this hearing, the ALJ entered a partially favorable decision. (Tr. 849-886). Indeed, in this thirty-four (34) page decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2012. (Tr. 856, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 856, Finding 2). The ALJ determined that since his alleged onset date, Plaintiff has had the following severe impairments: coronary artery disease, status post stenting in September 2005 and triple coronary artery bypass grafting in January 2016; diabetes; diabetic peripheral neuropathy; and osteoarthritis. (Tr. 856-868, Finding 3). The ALJ also found that beginning on his established onset date of disability (March 23, 2016), Plaintiff had the following severe impairments: bipolar disorder; schizoaffective type; and personality disorder, unspecified. *Id.* The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 868-870, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 870-880, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

2

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the capacity to perform the following:

> After careful consideration of the entire record, I finding that beginning on March 23, 2016, the claimant has the residual functional capacity to lift and/or carry 50 pounds occasionally, and 25 pounds frequently; to stand and/or walk for about four hours total during an eight hour work day; and to sit for about six hours total during an eight hour work day. He can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can have no exposure to hazards, such as unprotected heights and moving mechanical parts. He must avoid even moderate exposure to extreme temperature, vibrations, humidity, wetness, dust, odors, fumes, and other pulmonary irritants. He should not be required to operate motor vehicles at night as a part of his work duties. He must be allowed the opportunity to alternatively sit and stand throughout the work day every 15 to 30 minutes for the purpose of changing positions, but without leaving the workstation. He is also limited to unskilled work (work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time). His supervision must be simple, direct, concrete, and non-critical; interpersonal contact with supervisors and coworkers must be incidental to the work performed, *e.g.,* assembly work; he should have only occasional workplace changes; and he must have frequent, unscheduled work breaks and work absences. In other words, he can perform less than the full range of "medium" work. (20 CFR 404.1567(c)).

*Id.*

Considering his RFC, the ALJ determined Plaintiff had been unable to perform any of his

Past Relevant Work ("PRW"). (Tr. 883, Finding 7). The ALJ found that prior to his alleged

disability onset date, Plaintiff was a "younger individual"; and on January 12, 2013, Plaintiff's age

category changed to an individual closely approaching advanced age. (Tr. 883, Finding 8). As for

education, the ALJ determined Plaintiff had at least a high school education and was able to

communicate in English. (Tr. 883, Finding 9). The ALJ then determined whether Plaintiff retained

the capacity to perform other work existing in significant numbers in the national economy. (Tr.

884, Finding 11). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform

the requirements of representative occupations such as (1) an inspector-packer (light, unskilled) with

approximately 82,000 such jobs in the nation and (2) a conveyor line bakery worker (light, unskilled)

with approximately 35,000 such jobs in the nation. (Tr. 884). Because Plaintiff retained the capacity

to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined

by the Act, *prior to* March 23, 2016. (Tr. 885, Finding 12). However, the ALJ also determined

Plaintiff *became disabled* on March 23, 2016 and continued to be disabled. (Tr. 885, Finding 13).

Thereafter, on April 6, 2017, Plaintiff filed his Complaint in this action. ECF No. 1. Both

Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-

12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff argues the following: (A) the ALJ erred in applying the Listings; (B) the ALJ erred by presenting improper hypothetical questions to the VE; and (C) the ALJ erred by failing to give proper weight to the opinions of his physicians. ECF No. 11 at 1-21. The Court will address each of these arguments.

The Court first notes that the ALJ found Plaintiff disabled *as of March 23, 2016.* Thus, the Court will only address the time-period from July 1, 2008 (Plaintiff's alleged onset date) through March 23, 2016 (date Plaintiff became disabled).

**A.     Listings**

Plaintiff claims the ALJ erred in evaluating his impairments under Listing 1.02. ECF No. 11 at 13. Plaintiff has the burden of demonstrating his impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet the requirements of Listing 1.02.

Notably, Listing 1.02 requires a demonstration of a "gross anatomical deformity." Such a deformity includes "subluxation, contracture, bony or fibrous ankylosis, instability." In the present action, Plaintiff has shown any "gross anatomical deformity" he has that meets one of these requirements. Instead, it appears Plaintiff is under the assumption that if he is unable to effectively

ambulate, he meets the requirements of Listing 1.02. This is simply not accurate. To meet the requirements of Listing 1.02, his impairments must meet *all* the requirements of this Listing, including suffering from such a "gross anatomical deformity." As such, Plaintiff has not met his burden as to this Listing.

### B. Hypothetical Questions to the VE

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ failed to include all of his limitations in his hypothetical to the VE. ECF No. 11 at 15-18.

Upon review, however, the ALJ included all the limitations he found credible and presented those to the VE. This was sufficient. *See Grissom v. Barnhart,* 416 F.3d 834, 836 (8th Cir. 2005) (recognizing a hypothetical question posed to a VE on a claim for SSI need only include those impairments which the ALJ accepts as true). Furthermore, as outlined in more detail below, the ALJ properly assessed Plaintiff's RFC, and the Court finds no basis for reversal on this issue.

### C. Physicians' Opinions

Plaintiff claims the ALJ erred by disregarding the findings of his physicians, Dr. Dale Goins, M.D. and Dr. Gary Nunn, M.D. ECF No. 11 at 18-20. Upon review, however, the Court finds the ALJ properly considered their opinions.

First, Dr. Goins was Plaintiff's treating physician. As such, his opinion may be entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ, however, is still entitled to discount his opinions if he provides "good reasons" for doing so. In this case, the Court finds the ALJ did provide such "good reasons":

1.      The ALJ noted Dr. Goins was not a specialist in any relevant field  (Tr. 875);

2.      Plaintiff presented to Dr. Goins on December 6, 2011, the day prior to the administrative hearing, to have his medical source statement form completed.  (Tr. 875).  Prior to December 6, 2011, the sole occasion Dr. Goins had seen Plaintiff since December 19, 2008 was on August 1, 2011 when the claimant presented for checkup and refills  (Tr. 875);

3.      Dr. Goins diagnosed Plaintiff with numerous impairments and noted as the only support was "muscle spasm."  (Tr. 875);

4.      Dr. Goins's treatment of Plaintiff was "routine and conservative, consisting solely of the prescribing of medications" (Tr. 875); and

5.      Dr. Goins's opinion is inconsistent with Dr. Nunn's February 2012 opinion.

Upon review, the Court finds this is a sufficient basis for not adopting the findings of Dr. Goins. This is especially true because the December 6, 2011 form was essentially a "checklist" or "fill-in-the-blank" form.  (Tr. 725-728. 796-800).  As such, it is conclusory and has very little evidentiary value. *See, e.g., Anderson v. Astrue,* 696 F.3d 790 (8th Cir. 2012).

Second, because Dr. Nunn was a consultative examiner, his opinions are not necessarily entitled to controlling weight. *See, e.g., Wagner v. Astrue,* 499 F.3d 842, 849-50 (8th Cir. 2007). Plaintiff claims the ALJ improperly disregarded his opinions. ECF No. 11 at 18-20. However, upon review, Dr. Nunn's opinions are largely consistent with the ALJ's RFC determination. Indeed, Dr. Nunn found Plaintiff could lift and carry up to 50 pounds occasionally and 20 pounds frequently and could stand and walk up to a combined total of 4 hours and sit for 6 hours in an 8-hour workday. (Tr. 816).  This is consistent with the ALJ's RFC determination.  Thus, the Court finds no basis for reversal on this issue.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of March 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE